UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ROBIN LUKIANCZYK,

        Plaintiff,

   v.

UNUM LIFE INSURANCE COMPANY OF AMERICA; SAGEWELL HEALTHCARE BENEFITS TRUST, and Does 1 through 10, inclusive,

        Defendants.

NO.  2:20-cv-00223 WBS CKD

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for May 26, 2020, and makes the following findings and orders without needing to consult with the parties any further.

I.    <u>SERVICE OF PROCESS</u>

All defendants have been served, and no further service is permitted without leave of court, good cause having been shown

1

under Federal Rule of Civil Procedure 16(b).

## II.  JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

## III. JURISDICTION/VENUE

Jurisdiction is predicated upon federal question jurisdiction, 28 U.S.C. § 1331, because plaintiff's claims arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101, et seq.  Venue is undisputed and hereby found to be proper.

## IV.  DISCOVERY

The parties agreed to serve the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) on or before May 4, 2020.

All discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be completed by July 2, 2020.  Parties agree that experts are not warranted in this ERISA action.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and

any resulting orders obeyed) not later than July 2, 2020.

V.   MOTION HEARING SCHEDULE

All motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before August 17, 2020.  All motions shall be noticed for the next available hearing date.  Counsel are cautioned to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law and motion calendar.

VI.  FINAL PRETRIAL CONFERENCE

Although the parties have proposed a waiver of the Final Pretrial Conference, the court prefers to set one.  The Final Pretrial Conference is set for October 13, 2020, at 1:30 p.m. in Courtroom No. 5.  The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  Counsel shall file separate pretrial statements, and are referred to Local Rules 281 and 282 relating to the contents of and time for filing those statements.  In addition to those subjects listed in Local Rule 281(b), the parties are to provide the court with: (1) a plain, concise statement which identifies every non-discovery motion which has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial days.

1          In providing the plain, concise statements of
2    undisputed facts and disputed factual issues contemplated by
3    Local Rule 281(b)(3)-(4), the parties shall emphasize the claims
4    that remain at issue, and any remaining affirmatively pled
5    defenses thereto.  If the case is to be tried to a jury, the
6    parties shall also prepare a succinct statement of the case,
7    which is appropriate for the court to read to the jury.
8    VII. TRIAL SETTING
9          The bench trial is set for November 17, 2020 at 9:00
10   a.m.  The parties estimate that the trial will last one to two
11   days.
12   VIII.    SETTLEMENT CONFERENCE
13         A Settlement Conference will be set at the time of the
14   Pretrial Conference.  All parties should be prepared to advise
15   the court whether they will stipulate to the trial judge acting
16   as settlement judge and waive disqualification by virtue thereof.
17         Counsel are instructed to have a principal with full
18   settlement authority present at the Settlement Conference or to
19   be fully authorized to settle the matter on any terms.  At least
20   seven calendar days before the Settlement Conference counsel for
21   each party shall submit a confidential Settlement Conference
22   Statement for review by the settlement judge.  If the settlement
23   judge is not the trial judge, the Settlement Conference
24   Statements shall not be filed and will not otherwise be disclosed
25   to the trial judge.
26   IX.  MODIFICATIONS TO SCHEDULING ORDER
27         Any requests to modify the dates or terms of this
28   Scheduling Order, except requests to change the date of the

trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

IT IS SO ORDERED.

Dated: May 22, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE